UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTICIA JEANETTE COATES,
        Plaintiff,

v.                                      CIVIL ACTION NO. 12-11832-GAO

SOCIAL SECURITY ADMINISTRATION,
        Defendant.

## MEMORANDUM AND ORDER

O'TOOLE, D.J.

### BACKGROUND

On October 2, 2012, Plaintiff Norticia Jeanette Coates ("Coates"), currently residing at the Massachusetts New England Center for Homeless Veterans in Boston, Massachusetts, filed a skeletal self-prepared Complaint against the Social Security Administration ("SSA").[1] Apart from identifying the parties to the action, Coates includes only one paragraph for relief, stating:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C. 1332. Reasons Non-Payment 6 month Default on Federal Court Demand Filed 03/23/2012 Defendant Caused Detrimental Harm Causing Plaintiff to Be Homeless.

Compl. (Docket No. 1 at 1, ¶ 4). One Civil Cover Sheet attached to the Complaint states the cause of action is based, *inter alia*, on civil rights, social security claims, and recovery of defaulted student loans. There, Coates demands $110,000.00; in another Civil Cover Sheet, however, she demands $55,000,000.00 plus interest at 97%.

This action is a refiling of a case Coates filed on March 20, 2012 in the District of Arizona (Phoenix Division). See Coates v. Social Security Administration, Civil Action No.

---

[1] The Complaint actually names the SSA located in Boston, Massachusetts as a party; however, the Clerk's Office opened this action noting Michael J. Astrue, the Commissioner of the SSA, as the Defendant. This action is one of seven civil actions filed by Coates on October 2, 2012.

2:12-cv-00591-SPL.[2]  On April 11, 2012, Magistrate Judge Steven P. Logan issued an Order (Docket No. 6) finding that the Complaint failed to state plausible claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.  He also indicated that Coates's Complaint alleged that her social security benefits were stolen in 2006 as a result of her identity being stolen.  Coates claimed the SSA office in Michigan released her identity without her consent, and she has been trying to recover her benefits since 2006.  She sought $110,000.00.  The Complaint was dismissed without prejudice to file an Amended Complaint within 30 days.  On April 24, 2012, Coates filed an Amended Complaint.  On April 26, 2012, the case was dismissed as deficient.  See Order (Docket No. 11).  On June 19, 2012, Coates filed a Motion for Reconsideration, which was denied on July 2, 2012.  She then filed a "Motion of Futility of Amendment" which also was denied.  On September 4, 2012, she filed a Motion to Transfer Case, which was denied on September 7, 2012.  Following her relocation to Massachusetts, Coates filed the instant action.

Accompanying the Complaint, Coates filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2), and a document entitled "Motion Subpoena Felony Complaint" (Docket No. 4) directed to Chief Judge Mark L. Wolf.  In that motion, she requests that warrants issue against the SSA for "non-payment on federal court demand that concludes final action and legal provisions ordered by the federal court district ARIZONA.  Assigned state federal judge Honorable JAMES A. TEILBORG."  Motion (Docket No. 4 at 1).  Additionally, Coates alleges that the SSA is in "felony negligence tort-criminal and civil violation reasons ignoring a federal court order failing to meet complaint within a specified time period."  Id.

---

[2]The instant Complaint indicates the docket number from the District of Arizona in the caption.

In addition to the Motion Subpoena Felony Complaint, Coates filed a "Motion Petition [sic] Non-Payment (Docket No. 3) seeking criminal actions against all (unidentified) defendants. She threatens that if she does not obtain judgment, "more litigations and jail time will be filed in the UNITED STATES SUPREME JUDICIAL COURT to enforce this action against all Defendants in felony violation." Motion (Docket No. 3 at 1). Along with the two motions noted above, Coates also filed a Notice of Default form (Docket No. 5) for issuance by the Clerk of Court, and a Form of Default Judgment (in the amount of $110,000.00 plus 97% interest).

Notably, the Complaint, the Motion Petition Non-Payment, the Motion Subpoena Felony Complaint, and the Notice of Default form are, in substance, virtually identical to a civil action filed by Coates's husband, David Lionel Fowler ("Fowler"). That case involved a claim related to the denial of disability benefits based on his adoption. See <u>Fowler v. Social Security Administration</u>, Civil Action No. 12-11826-RGS. On November 1, 2012, Judge Stearns dismissed that action.

On October 9, 2012, Coates filed a "Motion on Demand Complaint" (Docket No. 10). The caption of the pleading indicates the intent to file this document not only in the instant action , but in Civil Action Nos. 12-11826-RGS and Civil Action No. 12-11836-DPW. That pleading names Fowler as a Plaintiff along with Coates, and makes allegations that Mr. Rush, of the SSA, made "false malicious allegations all cases were dismissed and closed and they were not obeying the judges order and they didn't have to do what the judge said on the 5th of October, 2012." Motion (Docket No. 10 at ¶ 1). Coates requests payment in full in the amount of $110,000.00 and $55,000,000.00 with a 97% interest; Fowler requests $50,000,000.00 with a 97% interest rate.

Thereafter, on November 1, 2012, Coates filed a document entitled "Complaint

3

Amendmet [sic]" (Docket No. 11) in this action and in Civil Action No. 12-11836-DPW. That document alleges that SSA Supervisor Miss Rada, Mr. Rush, and Mr. Brant committed a felony on October 5, 2012 by "falsely not filing court order in the social security electronic file to falsely ignore and refusal on federal court demand unauthorized criminal activity falsely engaged in practice of law." Amended Compl. (Docket No. 11 at 1).

## DISCUSSION

I.     The Motion for Leave to Proceed *In Forma Pauperis*; Failure of Fowler to Satisfy Filing Fee and Other Requirements; Effect of Amended Complaint

Upon review of Coates's financial disclosures indicating that she has no substantial assets or income, this Court finds that she lacks funds to pay the filing fee for civil actions. Accordingly, Coates's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED.

Next, with respect to Fowler, although an earlier pleading listed him as a Plaintiff, the Amended Complaint does not name him as a Plaintiff in this action, nor has he signed the Amended Complaint or satisfied the filing fee requirements. The Court deems the Amended Complaint (Docket No. 11) to be the operative pleading which supersedes all other purported Complaints.

Accordingly, this Court DISMISSES all claims asserted by Fowler in this action.

II.    Preliminary Screening of the Complaint

Because Coates is proceeding *in forma pauperis*, her Complaint (as Amended) is subject to screening under 28 U.S.C. § 1915(e)(2).[3] Further, in addition to the statutory screening

---

[3]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such

requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,* into its subject matter jurisdiction.[4]  In connection with this preliminary screening, Coates's *pro se* pleadings are  construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, this action will be DISMISSED for the reasons set forth below.

III.     Failure to Comply With Fed. R. Civ. P. 8

Coates's Amended Complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957));  see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).  See also Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir. 2005).  "In a civil rights action as in any other action ....,

---

relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[4]See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting.").

the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . .[,] 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, Coates's sparse Amended Complaint is incoherent. It fails to set forth plausible claims in accordance with Rule 8. Although she demands payment from the SSA, she fails to set forth the underlying factual basis for the demand. It appears that she is asserting that she obtained a Court judgment; however, there is no information as to the nature of this judgment (*i.e.*, who issued the judgment, the date and place of issuance, the substance of the judgment, and the reasons for the judgment). In any event, she fails to set forth the "who, what, where, when, and why" type information necessary to state a claim upon which relief may be granted. Even considering the attachments submitted, this Court cannot discern any cognizable claim against the SSA. Moreover, although Coates makes reference to allegedly false statements and the commission of felonies, she fails to set forth any cognizable claims in this regard.

In short, it would be unfair to the SSA to have to respond to the Amended Complaint as pled, and to expend public funds in the process. In light of all of the above, this case is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Generally, this Court would permit a *pro se* litigant an opportunity to cure the pleading defects; however, given Coates's prior litigation in the District of Arizona, the Court deems such opportunity would be futile. Moreover, notwithstanding the pleading deficiencies under Rule 8, this case suffers from fundamental legal impediments, discussed below.

IV.     The Social Security Administration is Entitled to Sovereign Immunity

Coates may not recover damages against the SSA (a federal agency) because it is entitled to sovereign immunity.

It is well-settled that under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392, 399 (1976). A waiver of this immunity may never be implied from the factual circumstances of the particular case. Rather, the waiver must be unequivocally expressed in each instance. See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538, (1980). Here, nothing is presented that would show the United States has waived its sovereign immunity.

V.     Failure to State Cognizable Civil Rights Claims Based on Social Security Decisions

Next, to the extent that Coates asserts constitutional violations against the SSA or against its employees or officials, her constitutional claims are subject to dismissal because there is no Bivens[5] liability with respect to matters involving the denial of Social Security benefits. Rather, Congress's statutory scheme providing a remedy for alleged federal wrongs in this area is the exclusive means available to Coates with respect to her claim for back benefits.

In addressing the question whether federal actors may be sued under Bivens in the context of challenges to an agency decision denying benefits:

---

[5]Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). "The Bivens doctrine allows plaintiffs to vindicate certain constitutionally protected rights through a private cause of action for damages against federal officials in their individual capacities." DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008).

[T]he Supreme Court has held that a <u>Bivens</u> action does not lie for denial of Social Security benefits. The Ninth Circuit summarized:

> "[t]he Supreme Court has instructed us that a <u>Bivens</u> action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." <u>Adams v. Johnson</u>, 355 F.3d 1179, 11-83-84 (9th Cir. 2004) (citing <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional <u>Bivens</u> remedies.")); <u>see also</u> <u>Hooker v. U.S. Dept. of Health and Human Services</u>, 858 F.2d 525, (9th Cir.1988) (42 U.S.C. § 405(h) bars state law tort claim under Federal Tort Claims Act.).

<u>Deuschel v. Barnhart</u>, 2004 WL 5542429, at *5 (E.D. Cal. 2004); <u>see</u> <u>Rivera v. Astrue</u>, 2011 WL 241981, *3 (D. Mass. 2011).

<u>Deuschel</u> expounded further in this matter, stating that: "[t]he Social Security Act contains a comprehensive system for review of actions taken in the course of administering it ...." <u>Id.</u> at *6. Further, in discussing the Supreme Court's jurisprudence with respect to <u>Bivens</u>, <u>Deuschel</u> noted:

> "[T]he Court has cautioned against extending <u>Bivens</u> into new areas or recognizing new rights or claims. The Court has emphasized that so long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclose judicial imposition of a new substantive liability. Implied remedies premised on violations of constitutional rights are not created to fill in gaps of existing relief to which plaintiffs are already entitled." <u>Libas Ltd. v. Carillo</u>, 329 F.3d 1128, 1130 (9th Cir. 2003). The Social Security Act having provided for a comprehensive system to challenge the decisions of which [plaintiff] complains, a <u>Bivens</u> action against individuals does not lie. That determination, however, does not end the matter. Plaintiff may nevertheless be entitled to obtain judicial review of her claim against the Commissioner that the procedures followed by the social security administration ... violated due process.

<u>Deuschel</u>, 2004 WL 5542429, at * 6 [brackets added]; <u>see</u> 42 U.S.C. § 405(h) (providing for finality of the Commissioner's decision, and providing, *inter alia*, that: "[n]o action against the

United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 to recover on any claim arising under this subchapter.").

In light of the above, to the extent that Coates's claims are based on the denial of social security benefits, her only basis for seeking judicial review is under the statutory scheme with respect to the administration of social security benefits.  See 42 U.S.C. § 405(g).

In light of all of the above, this action is DISMISSED *sua sponte*.

VI. The Motion Subpoena Felony Complaint and the Motion Petition Non-Payment

   A. The Request for Criminal Prosecution

To the extent that Coates seeks criminal proceedings to be instituted against the SSA or any of its employees, officials, or, for that matter, any other individual based on the alleged constitutional violations, the Court finds her requests to be unfounded.  A private citizen, such as Coates, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.  See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).[6]

Accordingly, Coates's Motion Subpoena Felony Complaint (Docket No. 4) is DENIED in all respects.

---

[6] Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall – (1) prosecute for all offenses against the United States."  28 U.S.C. § 547 (1).  Thus, Coates does not have standing to bring a criminal action in federal court because no statute authorizes her to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (*per curiam*) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).

B.     The Request for Money to Be Paid

Finally, to the extent that Coates seeks *ex parte* injunctive relief in the form of an Order directing the SSA to pay her money, the motion is unfounded, for the reasons set forth herein. Accordingly, Coates's Motion Petition Non Payment (Docket No. 3) is DENIED in all respects.

CONCLUSION

Based on the above, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is ALLOWED;

2. Plaintiff's Motion Subpoena Felony Complaint (Docket No. 4) is DENIED;

3. Plaintiff's Motion Petition Non-Payment (Docket No. 3) is DENIED;

4. All claims of David Lionel Fowler are DISMISSED; and

5. This action is DISMISSED in its entirety.

SO ORDERED.

/s/ George A. O'Toole, Jr.
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED:   November 9, 2012